# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**MARLA PITTENGER,**

    **Plaintiff,**

**v.**                                                                                     **Case No: 5:22-cv-318-GAP-PRL**

**GARLIN GILCHRISTIL, JULIANA STRATTON, HOWIE MORALES, JON HUSTEL and SUZANNE CROUCH,**

    **Defendants.**

___

## REPORT AND RECOMMENDATION[1]

Before the court is *pro se* Plaintiff's motion to proceed *in forma pauperis*. Plaintiff Marla Pittenger has filed a complaint against the Lt. Governors of Michigan, Illinois, New Mexico, Ohio, and Indiana. (Doc. 1). Upon due consideration, I recommend that the motion be denied, and the complaint dismissed.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Plaintiff's complaint is 25 pages long, containing what appears to be copies of letters to an unknown person, photos of clothing, and a list of websites. (Doc. 1). Plaintiff claims that she moved to Florida and someone followed her, a break in happened, her taxes went missing, her clothes became tattered, and the cable company could not get passwords. The letters attached to the complaint request to have fingerprints taken to determine who broke into Plaintiff's house and have a swat team placed at Plaintiff's mother's house. Plaintiff also filed a supplement (Doc. 5) which contains witness statements from the Johnstown Ohio

Police Department, in which Plaintiff claims someone is stalking her and the king of Italy is stealing her email. It is unclear what cause of action Plaintiff is attempting to proceed under, and how the defendants listed on the complaint are connected to any of her factual allegations.

Plaintiff's complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim, as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner as required by Rule 9. Instead, it consists of "a rambling series of incomprehensible allegations." *Schwartz v. United States Navy*, No. 8:19-CV-2696-T-60TGW, 2019 WL 6614471, at *1 (M.D. Fla. Dec. 5, 2019). No facts are linked to statutes for the court to make any determination about a cause of action. Moreover, the allegations within Plaintiff's complaint are frivolous because they do not "plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Although Plaintiff is proceeding *pro se*, she is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Accordingly, because the complaint is frivolous and does not state a claim, Plaintiff's motion (Doc. 3) should be denied and her complaint (Doc. 1) dismissed.

Recommended in Ocala, Florida on July 21, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge

Counsel of Record
Unrepresented Party
Courtroom Deputy